J. T. POWELL AND WIFE, ESSIE POWELL v. TOWN OF CANTON

No. 7230SC264

(Filed 28 June 1972)

Taxation §§ 25, 33— purchase money deed of trust — lien for taxes on
   personalty — purchaser at foreclosure sale
      The lien for taxes on the personal property of a corporation attached to real property of which the corporation owned the equity of redemption under a purchase money deed of trust, and when the *cestuis* purchased said real property at a foreclosure sale, they purchased it subject to the lien for personal property taxes. G.S. 105-302(c)(1), formerly G.S. 105-301(b).

      Judge BROCK concurs in the result.

APPEAL by plaintiffs from *Ervin, Judge,* January 1972 Session of Superior Court held in HAYWOOD County.

This is a civil action wherein plaintiffs seek to recover, pursuant to G.S. 105-267, personal property taxes for the year 1970 assessed by the defendant against Murphy Chevrolet, Inc., and paid by the plaintiffs under protest. The plaintiffs in their complaint in pertinent part allege:

"By deed dated January 7, 1965, the plaintiffs conveyed to Murphy Chevrolet, Inc. a two-thirds undivided interest

in certain real property described therein and located in Beaverdam Township, Haywood County, North Carolina, * * *

To secure the payment of the balance of the purchase money due by Murphy Chevrolet, Inc., to the plaintiffs upon the purchase price of said real property . . . Murphy Chevrolet, Inc., executed a deed of trust dated January 7, 1965, to Sidney L. Truesdale, Trustee for the plaintiffs, * * *

* * *

Default having occurred in the payment of the balance of the purchase money due the plaintiffs under said deed of trust . . . George W. Sutton, Jr., as substitute Trustee, sold said real property . . . on the 19th day of May, 1970, and the plaintiffs became the last and highest bidder at said sale. Thereafter, George W. Sutton, Jr., acting as substitute Trustee, executed a deed to the plaintiffs for said lands described in said deed of trust, said deed being dated the 9th day of June, 1970, * * *

When the plaintiffs undertook to pay to the defendant the real property taxes due the defendant on said real estate for the year 1970 the defendant insisted and demanded that the plaintiffs pay to the defendant an additional amount of $341.41, being personal property taxes assessed against Murphy Chevrolet, Inc., for the year 1970.

The plaintiffs objected to the payment of said personal property taxes assessed against Murphy Chevrolet, Inc., for the year 1970 but finally paid the same under written protest to the Tax Collector of the Town of Canton on the 8th day of July, 1971. * * *

On July 10, 1971, the plaintiffs made written demand upon the Treasurer of the defendant for refund of said personal property tax so paid by the plaintiffs to the defendant under protest, said demand having been made by a letter written pursuant to G.S. 105-267. * * *

The personal property upon which said personal property tax was levied was owned by Murphy Chevrolet, Inc., a North Carolina corporation, and was not personal property owned by the plaintiffs. * * * ”

---

---

The defendant filed answer admitting the factual allegations of the complaint but denied that the plaintiffs were entitled to a refund of the personal property taxes paid under protest. The defendant moved that the action be dismissed for failure of the complaint to state a claim upon which relief can be granted. Thereafter the plaintiffs moved for judgment on the pleadings. From an order denying plaintiffs' motion for judgment on the pleadings and dismissing the action for failure of the plaintiffs to state a claim upon which relief can be granted against the defendant, the plaintiffs appealed.

*Max O. Cogburn for plaintiff appellants.*

*Walter C. Clark for defendant appellee.*

HEDRICK, Judge.

Plaintiffs contend the Court erred in allowing defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. "If the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim it will be dismissed." *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970).

Our decision rests on G.S. 105-302(c)(1), formerly G.S. 105-301(b), which provides:

> "For purposes of this Subchapter: . . . The owner of the equity of redemption in real property subject to a mortgage or deed of trust shall be considered the owner of the property, and such real property shall be listed in the name of the owner of the equity of redemption."

The allegations in plaintiffs' complaint establish that when the lien for personal property taxes for 1970 owed by Murphy Chevrolet, Inc., attached, Murphy Chevrolet was the owner of the equity of redemption in the real property subject to the deed of trust given by Murphy Chevrolet, Inc., to secure its indebtedness to plaintiffs.

Thus, we think plaintiffs in their complaint have alleged facts which deny their right to the relief claimed, and the able trial judge properly allowed the defendant's motion to dismiss.

Affirmed.

Judge VAUGHN concurs.

Judge BROCK concurs in the result.